JOSEPHINE T. CURTISS, Appellant,

*vs.*

WILLIAM H. MORRISON, Administrator.

Franklin.　　Opinion November 27, 1899.

</div>

*Probate. Guardian. Minor. Bond. Appeal. R. S., c. 63, § 24; c. 67, § 3.*

A ward is no longer "under guardianship" after he becomes twenty-one years of age. And if such person, after he becomes of full age, appeals from an allowance of the guardian's account, he is not excused from giving bond, by R. S., chap. 63, § 24.

In this case, the appellant was forty-one years old when she appealed, and she gave no bond. *Held;* that her appeal was, for that reason, rightly dismissed.

ON EXCEPTIONS BY PLAINTIFF.

This was a probate appeal, from the allowance by the judge of probate for Franklin county, of a guardian's account settled by the administrator. No bond was filed by the appellant, and for that reason the appellee, on the second day of the first term, moved to dismiss the appeal. The appellee's intestate was appointed guardian of the appellant, on the first Tuesday of October, 1863, then a minor of the age of six years. The guardian filed an inventory, and during his lifetime and during the minority of his ward, settled two accounts in the probate court, and on the first Tuesday of May, 1873, filed a third, upon which notice was given returnable on the first Tuesday of June, 1873, and which said account was

sworn to prior to the day of settlement, and thereafterwards, without further notice, after said ward had attained her majority, was settled and allowed on the first Tuesday of September, 1879, showing a balance in his hands of $548.79.

The ward became of age on the seventh day of April, 1878, and the guardian, without having settled any further account, died on the fifteenth day of March, 1898. After the lapse of nineteen years from the time the ward became of age, and after the death of the guardian, the ward, being of full age, to wit, of the age of forty-one years, cited the appellee as administrator of the guardian to settle an account in the probate court. Whereupon he did settle his account, which was allowed by the judge of probate, and from which this appeal is taken, without the filing of any bond.

It was considered by the court that the appellant, being of full age and not under guardianship, but of the age of forty-one years, could not maintain her appeal without the prerequisite of a statute bond as required in other cases, and that the appeal should be dismissed.

To this ruling and decision of the presiding justice the appellant took exceptions.

*E. O. Greenleaf*, for plaintiff.

The guardian ceases to be such only when the ward arrives at full age and has made final settlement.

The consequences and responsibilities of the relation may continue. *Overton* v. *Beavers*, 19 Ark. 623, (70 Am. Dec. 610.)

The jurisdiction of the court still subsists for the special purpose of final settlement and so far the original relation and rights of the ward are preserved. It has been said that the guardian is the agent of the ward, having an authority without an interest. *Manson* v. *Felton*, 13 Pick. 211.

If this be so, how can the relation of principal and agent be dissolved without a settlement? The ward has the right to dispute the account of his guardian after attaining his majority. *Blake* v. *Pegram*, 101 Mass. 592.

The pertinent inquiry arises, how can this be done if the relationship has ceased.

True, the legal status of guardian and ward may cease as to future advances, as is held *in re Kincaid's Case*, 120 Cal. 203, (3 Prob. Rep. Annotated, 260); but the probate court retains jurisdiction to compel an accounting.

The proceeding is "in rem" and the estate the "res." The accounting is for property which came in his possession during the minority of his ward, so that the ward bears the same relation toward his guardian in final settlement as at any prior time, it being his minority property over which the court then has jurisdiction.

Again, there were no laches on the part of the ward, as it was as much the duty of the guardian to call her up for settlement as hers to compel him, and she had several times called the matter up in the family, the guardian being her step-father.

Custody of person yields to age, but guardianship of estate cannot cease till final settlement in probate court, whether during minority or after full age of ward.

*E. E. Richards*, for defendant.

Counsel cited: R. S., c. 63, § 24; c. 67, § 3, as amended by stat. 1893, c. 275; stat. 1895, c. 41; 2 Kent's Com. 227, and cases cited; *Witham, Applt.*, 85 Maine, 360; *Murray* v. *Wood*, 144 Mass. 195.

SITTING: PETERS, C. J., WISWELL, STROUT, SAVAGE, FOGLER, JJ.

SAVAGE, J. The appellee's intestate was appointed guardian of the appellant, then a minor, in 1863. The guardian, having settled three accounts, died in 1898. The appellant then cited the appellee, as administrator of the guardian, to settle a further account in probate court. The appellee did so, and his account was allowed by the judge of probate. From that allowance, this appeal was taken. No bond was filed by the appellant upon taking the appeal, and for this reason, the presiding justice, on motion, dismissed the appeal and the appellant excepted.

The case shows that the appellant, at the time of taking the appeal, was forty-one years old.

The statute governing probate appeals provides that "within the time limited for claiming an appeal, the appellant shall file, in the probate office, his bond to the adverse party, or to the judge of probate for the benefit of the adverse party, for such sum and with such sureties, as the judge approves; conditioned to prosecute his appeal with effect, and to pay all intervening costs and damages, and such costs as the supreme court taxes against him." R. S., chap. 63, § 24. The same section also provides that "in case of controversy between a person under guardianship and his guardian, the supreme court may sustain an appeal on the part of the ward without such bond."

It is clear, that the filing of a bond is, in general, made an essential prerequisite to the right to maintain an appeal. It is a condition precedent. But the appellant contends that she was "a person under guardianship," and therefore, by the clause of the statute last cited, was excused from filing a bond. We do not think so. The statute elsewhere provides that a "guardian shall have the care and management of all his ward's estate, and continue in office until the ward is twenty-one years of age, unless sooner lawfully discharged." R. S., chap. 67, § 3. When the ward becomes twenty-one years of age, the authority of the guardian ceases. He can no longer act as guardian. He can no longer manage the estate. His only duty is to settle his account, and deliver the estate remaining in his hands to his ward. Thus it appears that the ward is no longer "under guardianship" after he becomes of age. The statute relied upon by the appellant was evidently intended "to relieve appellants, who were incapable of contracting, from the necessity of filing bonds in cases of appeals where the guardian was a party." *Witham, Applt.*, 85 Maine, 360. But such is not the case of this appellant. She has been a long time of full age, and is included neither within the language nor the reason of the statute which she relies upon.

*Exceptions overruled.*